# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| NELLE HARPER LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-0490-WS-B |
| | ) | |
| MONROE COUNTY HERITAGE MUSEUM, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 10). The parties have filed briefs in support of their respective positions, (Docs. 11, 22, 26), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be denied in its entirety.

## BACKGROUND

The plaintiff is the author of *To Kill a Mockingbird* ("TKAM"). According to the complaint, (Doc. 1), the plaintiff resides in Monroeville, and the defendant museum has its principal place of business there. The defendant has set out to capitalize on the success and fame of TKAM and its author, including by selling goods and services by use of the plaintiff's professional name (Harper Lee) and the title of her book. The nine-count complaint asserts the following causes of action in the order listed: (1) unfair competition in violation of 15 U.S.C. § 1125(a); (2) trademark dilution in violation of 15 U.S.C. § 1125(c); (3) cybersquatting in violation of 15 U.S.C. § 1125(d); (4) trademark infringement in violation of Ala. Code § 8-12-16(1); (5) trademark dilution in violation of Ala. Code § 8-12-17; (6) common law passing off; (7) common law trademark infringement; (8) unjust enrichment; and (9) unauthorized commercial use of

elements of the plaintiff's personality. (*Id*. at 15-22; Doc. 22 at 6). The defendant seeks dismissal in toto.

**DISCUSSION**

**I. Affirmative Defenses.**

"Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984); *accord LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009) (to support dismissal under Rule 12(b)(6), the claim must be "facially subject to an affirmative defense").

The defendant asserts a number of what the plaintiff asserts, and the defendant concedes, are affirmative defenses: laches, statute of limitations, waiver, acquiescence and implied consent. (Doc. 11 at 2, 5-7; Doc. 22 at 3; Doc. 26 at 2). But the defendant has not shown that any of these defenses are established by the allegations of the complaint.

As to laches, the defendant notes the complaint's reference to the defendant's registration of the domain name, "tokillamockingbird.com." (Doc. 1 at 9). That act, the defendant says, occurred in 1998 and thus shows that the plaintiff slept on her rights. (Doc. 11 at 5). The defendant also says it has sold gift shop memorabilia since at least 1995. (*Id*.). Yet, it complains, the plaintiff sent no demand letter until 2012. (*Id*. at 5-6). But none of these dates appear on the face of the complaint; all are supplied (with no supporting evidence) by the defendant's brief. They are thus patently incapable of supporting dismissal of the complaint. Moreover, the defendant neither identifies the requirements of laches nor explains how the material on which it relies would (even if it were reflected on

2

the face of the complaint) establish as a matter of law that any of the plaintiff's claims are barred by the doctrine.

The defendant's treatment of the statute of limitations is equally inadequate. The defendant does not identify any limitations period at all and does not explain how the complaint on its face demonstrates that any claim is time-barred. (Doc. 11 at 5-6).

Waiver, acquiescence and implied consent fare no better. The defendant's argument depends on erroneous summaries of the complaint's allegations (that only twice has the plaintiff objected), factual assertions that do not appear in the complaint but only in the defendant's brief (the plaintiff's visits to the museum, the friendly relations between the parties, the defendant's subjective belief that all was well), and a failure to identify the requirements of these doctrines or to explain how the allegations of the complaint establish their existence as a matter of law. (Doc. 11 at 6-7).

**II. Inadequate Pleading.**

To survive dismissal under Rule 12(b)(6), a complaint must first satisfy the pleading requirements of Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Rule 8 establishes a regime of "notice pleading." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002). It does not, however, eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action. "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2).[1] The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Twombly*, 550 U.S. at 555. There must in addition be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard … asks for more than a sheer possibility that the defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotes omitted). A complaint lacking "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" will not "survive a motion to dismiss." *Id*. But so long as the plausibility standard is met, the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes omitted).

While nominally invoking *Twombly* and *Iqbal*, the defendant repeatedly insists that various counts of the complaint must be dismissed because they fail to plead certain matters "with specificity." (Doc. 11 at 2, 9, 10, 11, 17, 18, 19, 20, 22). But there is no such requirement under Rule 8(a)(2), as *Twombly* itself makes plain. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. The

---

[1] The plaintiff's suggestion to the contrary, (Doc. 22 at 2-3), is incorrect.

4

defendant's many objections to the complaint's alleged failure to plead matters "with specificity" are thus summarily rejected.[2]

A complaint that fails to plead enough facts to meet the plausibility standard is subject to dismissal under Rule 12(b)(6). But the complaint is so exposed only if the defendant moves for dismissal under that rule, invokes the plausibility standard, *and* makes a satisfactory showing that, in certain, specified respects, for certain, specified reasons, the complaint falls short of that standard.[3] "Vague, generalized assertions that a claim is somehow implausible, without a clear, supported explanation of just what is implausible and why, places no burden on the Court to supply the deficiency or on the plaintiff to respond." *FNB Bank v. Park National Corp.*, 2013 WL 1748796 at *2 (S.D. Ala. 2013).

The Court addresses the defendant's plausibility arguments, along with its other arguments, in the following sections.

**III. Count One.**

Count One alleges a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (Doc. 1 at 15). Without any explanation or authority, the defendant posits that this claim must be dismissed because its use of TKAM and the plaintiff's professional name: (1) "does not violate" Section 1125(a); (2) "constitutes a 'fair use' as a matter of law"; (3) is protected by the First Amendment; and (4) is proper because the defendant is an "authorized licensee of

---

[2] The "specificity" demanded by the defendant equates with the "particularity" required by Rule 9(b) for the pleading of fraud or mistake. *E.g., United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006). The complaint does not allege fraud or mistake and thus does not implicate Rule 9(b), which rule is not cited by the defendant in any event.

[3] This necessarily follows from the principle that the movant bears the burden of showing that dismissal for failure to state a claim is warranted. *E.g., Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998); *Continental Motors, Inc. v. Jewell Aircraft, Inc.*, 882 F. Supp. 2d 1296, 1314 n.26 (S.D. Ala. 2012).

5

rights of production and performance." (Doc. 11 at 7-8). But "a passing reference to an issue in a brief [is] insufficient to properly raise that issue," *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005), and such bald conclusions as the defendant offers present nothing for judicial consideration. Certainly the Court will not supply legal or analytical support the defendant has declined to offer itself. *E.g., Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 6254108 at *8 n.25 (S.D. Ala. 2013) ("This is an adversarial system. It is not a court's task to research legal arguments on a party's behalf.") (internal quotes omitted).

On the pleading front, the defendant argues that the complaint fails to allege plausibly that the plaintiff "owns any federally enforceable trademark rights whatsoever." (Doc. 11 at 8). The defendant's argument depends explicitly on the assumption – for which it offers no legal authority – that protection under Section 1125(a) requires a federally registered trademark. (*Id*. at 8-9). However, as the plaintiff points out, (Doc. 22 at 6), Section 1125(a) "forbids unfair trade practices involving infringement of trade dress, service marks, or trademarks, even in the absence of federal trademark registration." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001); *accord Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1317 (11th Cir. 2012). The complaint's failure to allege a federally registered trademark is thus immaterial.

In its reply brief, the defendant appears to concede the point but makes a different argument: that Section 1125(a) offers only "limited" protection to the title of a single creative work such as TKAM, specifically, protection against other authors using the same or confusingly similar titles for their creative works. (Doc. 26 at 5-8). But nothing remotely resembling this argument appears in the defendant's principal brief. District courts, including this one, ordinarily do not

consider arguments raised for the first time on reply.[4] The defendant has offered no reason the Court should depart from this rule, and the Court declines to do so.

Finally, the defendant posits that the plaintiff has suffered no injury from any violation of Section 1125(a), apparently on the theory that all publicity is good publicity. (Doc. 11 at 9-10). Suffice it to say the defendant makes no effort to show how either the allegations of the complaint or the content of the law negates the existence of damage to the plaintiff. The plaintiff's bald conclusion, like those preceding it, counts for nothing.

## IV. Count Two.

Count Two alleges a violation of 15 U.S.C. Section 1125(c) (a dilution claim). To its laundry list of bald conclusions offered under Count One, the defendant adds one more: that its use of TKAM and the plaintiff's professional name "does not dilute (whether by tarnishing or blurring) any rights of Plaintiff." (Doc. 11 at 10). Again, the defendant's bullet points present nothing for judicial consideration.

With no explanation other than a reference to its discussion of Count One, the defendant next argues the complaint fails to adequately allege any trademark use giving rise to federal trademark protection. (Doc. 11 at 10). The Court construes this as an assertion that Count Two requires an allegation that TKAM and/or the author's professional name are federally registered trademarks. Because the defendant offers no authority or other support for this proposition, it cannot support dismissal.

---

[4] *See Park City Water Authority v. North Fork Apartments, L .P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).

Finally, the defendant argues that Count Two requires an allegation that TKAM and/or the author's professional name are famous as marks in connection with the sale of goods and/or services and not simply famous in and of themselves. (Doc. 11 at 11).[5] As the plaintiff points out, (Doc. 22 at 11-12), the complaint contains such allegations. (Doc. 1 at 6-8). The defendant identifies no deficiency in these allegations.

**V. Count Three.**

Count Three alleges a violation of 15 U.S.C. § 1125(d) (a cybersquatting claim). Such a claim requires that the defendant have "a bad faith intent to profit from [the plaintiff's] mark." *Id*. § 1125(d)(1)(A)(i). "Bad faith intent described under subparagraph (A) shall not be found in any case in which the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." *Id*. § 1125(d)(1)(B)(ii). The defendant argues that the allegations of the complaint compel the conclusion that it lacked the requisite bad faith intent. (Doc. 11 at 11-14).

The complaint alleges that TKAM is set in fictional Maycomb County; that this setting was inspired by Monroe County, Alabama (of which Monroeville is the county seat); that the old Monroe County courthouse was the setting of the trial portrayed in TKAM (and the model for the film version of the courtroom); that the defendant operates a museum at the old courthouse; and that there is an "association" between Monroe County and the old courthouse, on the one hand, and TKAM and the plaintiff on the other. (Doc. 1, ¶¶ 2, 18, 29, 32). According to the defendant, these allegations "illustrate" that the defendant "believed and had reasonable grounds to believe" that its use of the "tokillamockingbird.com"

---

[5] Although the defendant does not quote or even cite Section 1125(c), much less any cases addressing it, and although the Court will not conduct the defendant's research or construct and support the defendant's arguments, the Court is aware that Section 1125(c) protects the "owner of a famous mark."

domain name "was a fair use or otherwise lawful." (Doc. 11 at 13, 14). Perhaps these allegations lend support to an argument that the defendant lacked bad faith (or perhaps not), but the defendant has not explained how they negate bad faith as a matter of law. The defendant offers no analysis of the allegations or applicable law and no citation to any legal authority but only its ipse dixit that it is entitled to dismissal. As discussed above, such an approach is doomed to failure.

The complaint includes a section entitled "defendant's bad faith" and covering almost three pages. (Doc. 1 at 12-14). The defendant complains that it is "at a loss" as to how these allegations reflect bad faith. (Doc. 11 at 13). This is not an assertion that the complaint fails plausibly to allege a bad faith intent to profit from the plaintiff's mark; even if it were, complaining of being "at a loss" does not place any burden on the Court or the plaintiff to respond. *FNB Bank*, 2013 WL 1748796 at *2. Moreover, additional allegations concerning the defendant's intent to profit from the plaintiff's mark appear elsewhere in the complaint yet are unnoted by the defendant, even after the plaintiff pointed them out. (Doc. 22 at 13).

**VI. Counts Four and Seven.**

Counts Four and Seven assert trademark infringement under Alabama law, with Count Four based on statute and Count Seven on common law. The defendant attacks them together. (Doc. 11 at 14-16).

The defendant first repeats, to no better effect, the bald conclusions addressed in Part III. (Doc. 11 at 14-15). The defendant next asserts that the plaintiff's state-registered TKAM mark "is registered for use in connection with the sale of 'books,' not gift store merchandise." (*Id*. at 15). No such fact is alleged in the complaint, nor does the defendant present the registration or any other evidence to support its version of the facts. Nor has the defendant made any effort to articulate, much less demonstrate, the legal significance (if any) of such a

fact.[6] For at least this latter reason, the defendant's assertion that the complaint does not allege the sale by the plaintiff of anything other than TKAM itself under the TKAM mark, (Doc. 11 at 16), fails to advance the defendant's motion.

Finally, without citing any state authority, and without acknowledging its own admission that the plaintiff has a state trademark registration for TKAM, (Doc. 11 at 15), the defendant "contends" that Alabama law provides the plaintiff no trademark rights in the title of her novel. (*Id*. at 16). As noted previously, a bare assertion unaccompanied by explanation and support cannot be credited.

## VII. Count Five.

Count Five presents a state statutory claim for dilution. With one exception, the defendant's perfunctory arguments as to Count Five, (Doc. 11 at 16-17), have been addressed in previous sections of this order. The sole novelty is the defendant's argument that its usages of the plaintiff's professional name (which it lists) satisfy the "first sale doctrine." (*Id*. at 17). The fatal difficulties are familiar: (1) the facts asserted by the defendant do not appear in the complaint but only in the defendant's brief; and (2) the defendant offers no explanation of the "first sale doctrine" and no legal or factual analysis of how its version of the facts (had they appeared in the complaint) would satisfy the doctrine as a matter of law.

## VIII. Count Six.

Count Six asserts a state common-law claim for unfair competition in the form of passing off the defendant's goods and services as those of the plaintiff. The defendant again repeats its ineffectual bald conclusions. (Doc. 11 at 18-19). It then complains that the plaintiff has not alleged "with specificity" any actions that would constitute passing off. (*Id*.). As noted in Part II, this is not the correct

---

[6] The defendant's ipse dixit that state trademark registration creates no presumption that the registrant holds any ownership rights, (Doc. 11 at 15), pronounces a legal rule but provides no legal support for it and fails to explain its relevance.

standard but, in any event, the defendant has not explained how the complaint's many allegations in this regard – including those identified by the plaintiff and ignored by the defendant, (Doc. 22 at 15) – could possibly fail to satisfy the correct, plausibility standard. Finally, the defendant argues (without explaining how this could or must be so) that Count Six must fail if Counts One, Two, Four and Five all fail. (Doc. 11 at 17). Since those counts remain intact, the defendant's argument as to Count Six cannot succeed.

## IX. Count Eight.

Count Eight alleges unjust enrichment. Beyond the bald conclusions previously rejected, the defendant argues only that the complaint does not "allege with specificity any actions by Defendant which would constitute unjust enrichment." (Doc. 11 at 20). Again, "specificity" is not required by Rule 8(a)(2). The defendant does not identify any definition of unjust enrichment, so it is impossible to conclude that the complaint, with its many allegations concerning the defendant's use of TKAM to sell goods and services for its own benefit, fails to implicate that doctrine under the plausibility standard.

## X. Count Nine.

Count Nine alleges a state common-law claim for unauthorized commercial exploitation of the plaintiff's professional name. Beyond its familiar bald conclusions, the defendant objects that the complaint includes no specific facts concerning any usage of the plaintiff's name that is not within the first sale doctrine. (Doc. 11 at 21). The defendant still has not defined that doctrine, but it suggests the doctrine is limited to sales of copies of TKAM. (*Id*.). Since the complaint alleges that the defendant uses the plaintiff's professional name to sell "goods and services" and identifies those goods as including all manner of gift shop clothing and trinkets, (Doc. 1 at 9-10), it is plain that Count Nine alleges conduct far outside the doctrine as depicted by the defendant.

Finally, the defendant asserts that Alabama recognizes a "legitimate-public-interest exception" to the tort alleged in Count Nine. (Doc. 11 at 21). But a mere citation to a single case does nothing to establish the contours of such an exception or demonstrate that it applies here and bars the plaintiff's claim as a matter of law.[7] Again, the Court will not develop arguments the defendant has elected to present in only the most nebulous form.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 7th day of February, 2014.

                                        s/WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[7] The Court notes that the case on which the defendant relies involved publication of a fictionalized account of an actual murder, which "possesses social worth and is a significant medium for the communication of [the author-defendant's] ideas about an event in which society has an interest." *Doe v. Roe*, 638 So. 2d 826, 829 (Ala. 1994). The complaint does not allege that the defendant has traded on TKAM and the plaintiff's professional name in order to communicate ideas about an event in which society has an interest; instead, the complaint alleges the defendant has used these marks simply to sell its wares.